BARKER v. SCHERMERHORN.

(Supreme Court, Appellate Term. December 16, 1908.)

PROCESS (§ 149*)—SERVICE—DELIVERY TO DEFENDANT—EVIDENCE.

On the issue whether a summons was ever delivered to defendant so as to constitute a valid service thereof, evidence *held* to show delivery.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 149.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Francis E. Barker against Isabel Schermerhorn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Nicoll, Anable, Lindsay & Fuller, for appellant.

Thompson & Salisbury, for respondent.

GIEGERICH, J. This appeal comes up to be heard upon affidavits as to the service of the summons herein; the appellant claiming that no service of the summons was ever made. As is usual in such cases, there is a direct conflict of evidence; the appellant testifying that no service was ever made, while the person who it is claimed by the plaintiff made the service at the time the judgment was rendered again testifies positively to the time, place, and manner of such service. That the process server went to the Hotel St. James, where the defendant was stopping for the sole and only purpose of making the service; that he was an experienced process server; that he then and there saw the defendant; that he went very close to her and said, "Mrs. Schermerhorn, I have something for you," and that at this time he had a paper in his hand—is conceded by the defendant. She claims, however, that at no time did the process server "hand, deliver, place upon the person or the clothes of, or lay down in the presence of defendant any summons, process, or any document of any kind or description." The process server testifies that he stated to the defendant that he had a summons for her, where and when it was returnable, and the amount claimed therein, and, upon her refusal to take the same, he placed the copy upon her shoulder, from which it fell to the floor of the hotel. That it was found upon the floor some time after this is admitted. From a careful examination of the affidavits submitted and a consideration of all the reasonable probabilities that may be drawn from them we are constrained to affirm the judgment, leaving the defendant to resort to a motion in the lower court to open her default.

Judgment affirmed, with costs. All concur.